[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION Statement Of The Case
In a three count complaint, the plaintiff has sued the defendants, owners of real property located at and known as 205 Seneca Place, Milford. The defendants occupy the premises as their residence.
The plaintiff seeks to foreclose a mechanic's lien he has placed on the defendants' property, a money judgment for painting services rendered on the premises, and also claims unjust enrichment.
The defendants have interposed a special defense, alleging a failure to comply with the Home Improvement Act, Section 20-429
of the Connecticut General Statutes. They have also counterclaimed, in one count alleging defective and incomplete work, and in a second count, alleging a CUTPA violation by virtue of the statutory violations note, above. CT Page 2595
 DISCUSSION I
On the claim of defective work, the defendants presented testimony from the construction supervisor of the company which did renovation work on their premises, of which the plaintiff's painting was a part. They also called the painter who re-painted the premises after the dispute between the parties could not be resolved.
In substance, this testimony was to the effect that the surfaces had not been properly prepared before the plaintiff applied a coat of latex paint over a glossy oil base. Photos of the areas painted depict large sections of peeling and puckered paint with some blisters and discoloration. Chunks of peeled paint were also produced.
The plaintiff's response to this evidence was that he applied two coats, that he may have primed and sanded the surface, and that the proximity to the salt water air or cool temperatures caused the problems. He also suggested the defendants may have scraped it before it "cured."
The defendants' experts specified the steps required to do a proper job included sanding and applying a base coat of a sealing material.
It is noted that the salt water air conditions apparently had no effect on the paint job done by Mr. Koundry which is in good condition several months later.
The evidence of poor workmanship is overwhelming and the court concludes that the plaintiff is not entitled to recover for the work performed on any of his three counts.
 II
Turning to the defendants' allegations that the Home Improvement Act was not followed, the plaintiff responds that:
A. The non compliance was minuscule;
B. The defendants were guilty of bad faith. CT Page 2596
 A.
To suggest that their contract failed because of minuscule deficiencies stretches the limits of credulity. There are 8 basic requirements of Section 20-429 and this so called contract is deficient on 7 of those requirements.
The plaintiff can rely on three separate writings to constitute the contract, Exhibit A, C and E. Exhibit A is a statement for the amount claimed, dated after the work was completed. The plaintiff's complaint and lien state the work was completed on April 7 1998. Exhibit A is dated April 8, 1998.
Adding the contents of Exhibits C and E, and giving the plaintiff the benefit of the doubt, it could be argued that it is "in writing," though the "writing" is that of the defendant Beverly Gerber. It is signed by neither party and does not contain the entire agreement. Exhibit E contains a date "3/6/98," Exhibit C was prepared later. It does not contain the name and address of the contractor, carries no cancellation notice, and bears no starting and completing dates.
If one adopts the plaintiff's other argument, that Exhibit C contains the "specifications," and should be incorporated by reference into the "contract," presumably Exhibit E, one is confronted with a modest recitation dated "3/6/98," setting forth a price, previous price, a breakdown of the price per room, and the notations: "all brush (no roller)" and "(3 men — 5 days)." (This last condition was not met, the plaintiff using 2 men and 3 days).
Consequently, the plaintiff's reliance on Wright Bros.Builders, Inc. v. Dowling, 247 Conn. 218 (1998) is misplaced. In that case, the contractor only delivered a single copy of the contract and a date was omitted. The single copy to the agent of the other owner was deemed sufficient. The omitted date could be readily determined elsewhere in the text.
 B.
Turning to the claim of bad faith, the plaintiff argues that the defendants had an intent not pay before they refused to do so. The defendants deny this and claim it was the defective work that prompted them to withhold payment. CT Page 2597
This position is amply supported by the evidence elicited from the defendants' expert witnesses. The photos presented depict a deplorable condition after the plaintiff completed his painting.
The plaintiff cites Habetz v. Condon, 224 Conn. 231 (1992) to support his claim of bad faith on the part of the defendants. In that case, the trial court determined that the evidence of bad faith "permeated the dealings between the parties." There was no such evidence in this case and our Supreme Court has made it clear that a finding of bad faith to preclude assertion of the defenses under the Home Improvement Act must be based on facts sufficient to raise a genuine issue.
On the same day that Habetz v. Condon was decided, the Supreme Court addressed the issue of a consumer's alleged bad faith in Walis Enterprises. Inc. v. Hirschfield, 224 Conn. 240
(1992).
In that case, the court rejected the claims advanced against the homeowner, dispute the fact that the contract was drafted by the defendants' architect and attorneys and that they sought to enforce certain parts of it, and later sought to repudiate it.
The court indicated that the lack of a cancellation clause was sufficient to render it unenforceable.
There is nothing before the court to suggest that these defendants misled the plaintiff, that they misrepresented any fact, or that they convinced him to forego the formalities of a contract.
The court concludes that the agreement between the parties is unenforceable as a violation of Section 20-249, and in particular the cancellation notice required by Section 42-135a. As such, it is an automatic violation of CUTPA in accordance with Sec.42-141.
 CONCLUSION
1. Judgment may enter for the defendants on all three counts of the complaint and the mechanic's lien and lis pendens placed on the land records are ordered released forthwith at the plaintiff's expense. CT Page 2598
2. Judgment may enter for the defendants on the First Counterclaim, but since the sum paid to correct the plaintiff's defective work is almost the same as the plaintiff's claim, only one dollar damages is awarded.
3. Judgment may enter for the defendants on their Second Counterclaim for the amount of their counsel fees in the sum of $2,064.00.
4. The defendants are entitled to their taxable costs.
Anthony V. DeMayo Judge Trial Referee